UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THEODORE MOORE (#211716) | CIVIL ACTION |
| VERSUS | |
| RAMAN SINGH, ET AL. | NO. 17-0191-SDD-EWD |

## ORDER

Before the Court are Plaintiff's Ex Parte Motion for Preliminary Injunction and Rule to Show Cause Why a Permanent Injunction Should Not Issue[1] and Amended and Consolidated Motion for Preliminary Injunction and Rule to Show Cause Why a Permanent Injunction Should Not Issue.[2]

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against LSP Medical Director Raman Singh, Dr. Randy Lavespere, Secretary James LeBlanc, Warden Darrel Vannoy and Ass't Warden Tracy Falgout. Plaintiff alleged that Defendants had violated his constitutional rights through deliberate indifference to his serious medical needs. Specifically, Plaintiff complained that Defendants had denied him appropriate medical care and attention by refusing to schedule surgery for a fist-sized inguinal hernia for a period of more than three years. Plaintiff prayed for compensatory damages and injunctive relief compelling (1) surgical intervention for his inguinal hernia and (2) an end to the "policy, practice or customs resulting in indefinite delay obtaining medically necessary surgery."

---

1 Rec. Doc. 7.
2 Rec. Doc. 20.

Now in the instant Motion, Plaintiff acknowledges that since the filing of his Complaint, he has been provided with a surgical repair of his inguinal hernia. Accordingly, this aspect of Plaintiff's claim for injunctive relief has been rendered moot. Notwithstanding, he now complains of the imposition of a post-surgery "regular duty status" that requires that he perform work at LSP which has caused him pain and an aggravation of his medical condition. He asserts that the imposition of this duty status is unreasonable and results in his having to move heavy locker boxes, resulting in additional damage at the surgical site and in a new undiagnosed injury in his inguinal area. He prays for an Order compelling Defendants to refrain from "requiring Plaintiff to perform prison duties that are contraindicated by his known medical condition."

In order to obtain injunctive relief, Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[3] "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[4]

On the record before the Court, it does not appear that Plaintiff has established that he is entitled to the relief requested. In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that appropriate medical care has been denied and that the denial has constituted

---

3     *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).
4     *Ibid.*

"deliberate indifference to serious medical needs."[5] Whether Plaintiff has received the treatment or accommodation that he believes he should have is not the issue.[6] Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action.[7] Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[8] As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[9] The deliberate indifference standard sets a very high bar: Plaintiff must be able to establish that Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[10] Finally, the same standard applies in connection with an inmate's work assignments. Specifically, prison work requirements may constitute an Eighth Amendment violation when prison officials exhibit deliberate indifference by knowingly compelling an inmate to perform physical labor that is beyond his strength, that constitutes a danger to his life or health, or that is unduly painful.[11]

Applying the foregoing principles, the Court concludes that Plaintiff has failed to allege facts or produce evidence sufficient to support entitlement to injunctive relief.

---

5   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).
6   *Estelle v. Gamble, supra.*
7   *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).
8   *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994).
9   *Ibid.* at 837.
10  *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra.*
11  *See Williams v. Wooten*, 119 Fed. Appx. 625, 626 (5th Cir. 2004), *citing Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983).

Specifically, Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits of his claim or that he will suffer irreparable injury if injunctive relief is not granted. Although Plaintiff complains that he has been assigned an inappropriate duty status by LSP physicians, his conclusory assertions in this regard appear to principally amount to a mere disagreement with the considered opinion of medical providers at LSP. Plaintiff acknowledges in the instant Motions that he has been seen and evaluated by physicians and other health care providers at the institution in response to his complaints regarding his work duties and regarding the alleged aggravation of his medical condition. He further acknowledges that, on one occasion, he was provided with a 5-day limited duty status that allowed him to refrain from work for that period. Accordingly, inasmuch as a mere disagreement regarding the provision of medical care and accommodation does not amount to a constitutional violation, the Court is unable to conclude that Plaintiff has met his burden of proof in establishing an entitlement to injunctive relief.

Further, in addition to the foregoing, it does not appear that the relief requested by Plaintiff in the instant Motions is appropriate in the context of the instant litigation in any event. Specifically, whereas Plaintiff complained in his original Complaint regarding the failure of prison officials to provide him with surgical intervention for his inguinal hernia, Plaintiff made no claim therein regarding the failure of prison officials to evaluate and assign him an appropriate duty status. That assertion arose only after the commencement of this proceeding and after Plaintiff was afforded the surgical intervention that he sought. As a result, Plaintiff's claim relative to his assigned work duties is not technically before this Court, and Plaintiff has not sought leave to supplement

his Complaint to assert such a claim. And even were he to do so, it is unlikely that the Court would allow supplementation inasmuch as Plaintiff's claim relative to his duty status was not administratively exhausted at the time that he commenced this proceeding – which is a prerequisite for the assertion of a prisoner's claims in this context – and inasmuch as there is no indication in the record that the claim has been administratively exhausted in the interim.[12] Accordingly,

**IT IS ORDERED** that Plaintiff's Ex Parte Motion for Preliminary Injunction and Rule to Show Cause Why a Permanent Injunction Should Not Issue[13] and Amended and Consolidated Motion for Preliminary Injunction and Rule to Show Cause Why a Permanent Injunction Should Not Issue[14] are hereby **DENIED**.

Baton Rouge, Louisiana, this 9th day of August, 2018.

SHELLY D. DICK, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

12  See 42 U.S.C. § 1997e.
13  Rec. Doc. 7.
14  Rec. Doc. 20.